UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LEE BASTO,

        Plaintiff,

                                      File No.  2:04-CV-258

v.

                                      HON. ROBERT HOLMES BELL

MILLWRIGHTS' LOCAL 1102
SUPPLEMENTAL PENSION FUND,
TIC INTERNATIONAL CORPORATION,
a foreign corporation, and EDWARD
CHARLES RAYMOND,

        Defendants.

_____/

## <u>MEMORANDUM OPINION AND ORDER</u>

This matter is before the Court on Plaintiff Lee Basto's appeals of Magistrate Judge Timothy P. Greeley's order and amended order appointing counsel for Defendant Edward Charles Raymond under the court's *Pro Bono* Plan.  Plaintiff contends the orders should be set aside because they are an abuse of discretion and clearly erroneous.

There is no dispute as to the relevant facts.  Plaintiff filed this action seeking death benefits under an insurance policy.  Raymond, father of the deceased, was not named as a party to the case, but he entered into an oral settlement with the parties to this action and agreed to be named a party in order to effectuate the settlement that would provide trust funds for his granddaughter (the daughter of the deceased and Plaintiff).   The Magistrate Judge urged the parties to complete the stipulation and proposed order of dismissal by

April 14, 2005.  On April 20, 2005, Raymond was served with the complaint.  On June 8, 2005,[1] Plaintiff sent a letter informing the Court and the parties that she was revoking her agreement to the settlement proposal.  On June 13, 2005, Plaintiff applied for entry of default against Raymond for failing to file an answer.  Plaintiff proceeded to negotiate a settlement with the remaining parties.  The Magistrate Judge appointed counsel for Raymond.

Plaintiff contends that because Raymond was served with notice that he could be defaulted if he failed to answer, because there has been no showing that he is without means to obtain legal counsel, and because he has not requested appointment of counsel, the appointment of counsel is not in conformity with 28 U.S.C. § 1915, this Court's *Pro Bono* Plan, or any other authority.

This Court's *Pro Bono* Plan established guidelines to secure *pro bono* representation for parties appearing *in propria persona* in civil cases who have been granted leave to proceed *in forma pauperis* when the court finds that the best interests of justice would be served by the appointment.  Guidelines ¶ 2.  Plaintiff is correct in her assertion that Raymond has not been granted leave to proceed *in forma pauperis*.  Nevertheless, the Court is satisfied that the Magistrate Judge did not abuse his discretion in appointing counsel for Raymond.  The *Pro Bono* Plan adopted by this Court established guidelines rather than rules.  Some discretion is accordingly vested in the Magistrate Judge in his application of those guidelines.

---

[1] Although the letter is dated March 9, 2005, that date is clearly incorrect.  For purposes of this appeal the court will accept Plaintiff's assertion that the letter was sent out on June 8, 2005.

2

Because Raymond was only made a party to this case after the oral settlement had been reached, because it was understood that he was made a party only for purposes of effectuating that settlement, and because the settlement was subsequently revoked, the Court is satisfied that the Magistrate Judge reasonably viewed an appointment of counsel to be necessary for Raymond's protection under the unusual procedural posture of this case. Plaintiff's vociferous opposition to appointment of counsel only underscores the need for appointment of counsel to avoid the appearance that advantage is being taken of one who is not represented. Accordingly,

**IT IS HEREBY ORDERED** that upon review of Plaintiff's appeals of the Magistrate Judge's original and amended orders appointing counsel (Docket #'s 20 & 22), the order appointing counsel dated July 18, 2005, (Docket # 19), and the amended order appointing counsel dated July 20, 2005, (Docket # 21), are **AFFIRMED**.


Date:      July 22, 2005             /s/ Robert Holmes Bell
                                     ROBERT HOLMES BELL
                                     CHIEF UNITED STATES DISTRICT JUDGE

3